On Motion to Dismiss the Appeal Insofar as One Appellee
En Banc.
TATE, Judge.
Transamerica Insurance Company, a defendant-appellee, moves to dismiss this appeal as to it (alone). Transamerica contends the appeal was not timely taken as to it. For the reasons to be stated, we sustain Transamerica’s motion.
The plaintiff Brignac’s wife was injured when her vehicle struck a bull loose on the Interstate Highway. The plaintiff sues several parties allegedly liable because of their negligence in letting the bull cause this hazard. Joined as codefendant was the Transamerica Insurance Company, as the alleged liability insurer of the cattle owners.
Approximately a year before the trial, Transamerica was dismissed from the suit when the trial court sustained its motion for summary judgment. Subsequently, after trial, one of the defendants was cast in damages and perfected this appeal. (The plaintiff also perfected a devolutive appeal from the judgment insofar as it dismissed the other defendants against whom the suit was tried.)
However, by written signed judgment, the trial court on February 28, 1967, had previously entered judgment dismissing the plaintiff’s claim against Transamerica. (In its oral reasons for sustaining Transamer-ica’s motion for summary judgment, the trial court upheld the insurer’s contention that the policy did not apply.) A summary judgment is a final judgment and has the same effect. LSA-CCP Art. 968.
No appeal whatsoever was taken from this summary judgment of dismissal. Further, none is possible now, since the delays for both suspensive and devolutive appeal have long since expired. LSA-CCP Arts. 2087, 2123. No timely appeal from the dismissal of this suit against this appellee having been taken, it is not before the court on this appeal taken by other parties. See Fontenot v. Pan American Fire & Casual *563 ty Co., La.App.3d Cir., 209 So.2d 105, 113-114.
Transamerica’s motion to dismiss the appeal as to it is therefore granted.
Appeal dismissed as to Transamerica Insurance Company.